# .IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00121-MR-1
# (CRIMINAL CASE NO. 2:06-cr-00026-MR-WCM-1)

| | |
|---|---|
| KEVIN JACOB HOLLAND, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255 [Doc. 1]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

Petitioner seeks relief from his sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because he does not have three prior convictions for violent felonies within the meaning of the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e). Petitioner relies on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On December 1, 2006, Petitioner pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of conspiring to steal firearms in violation of 18 U.S.C. §§ 922(j), 924(1), and 371. [Crim. No. 2:06-cr-26-MR-1 ("CR"), Doc. 45: Amended Plea Agreement].

On July 19, 2007, this Court sentenced Petitioner to a total term of imprisonment of 156 months, after granting a downward departure from the statutory minimum sentence of 15 years under the Armed Career Criminal Act. [CR Docs. 60, 61]. Petitioner did not appeal. In July 2008, he filed his first motion under 28 U.S.C. § 2255, contending, among other things, that this Court erroneously applied the Armed Career Criminal Act to his sentence. [CR Doc. 64]. This Court denied and dismissed that motion. [CR Doc. 65].

On May 3, 2016, the Court of Appeals for the Fourth Circuit authorized Petitioner to file a successive motion under 28 U.S.C. § 2255 to raise his Johnson claim. [CR Doc. 69]. Petitioner filed the pending motion to vacate on May 3, 2016, seeking sentencing relief under Johnson. On November 14, 2016, this Court stayed this action pending a decision by the Fourth Circuit in United States v. Burns-Johnson, No. 16-4338, and United States

2

v. Thompson, No. 15-4685. The Fourth Circuit issued its decisions in each of these cases in July 2017 and October 2017, respectively.

Petitioner completed his custodial sentence, was released from the Bureau of Prisons custody, and began serving a three-year supervised release sentence on September 7, 2018. While on supervised release, he was charged with violating the terms of his supervised release. [CR Doc. 70: Probation Petition]. On March 4, 2019, this Court revoked Petitioner's supervised release and sentenced him to nine months of imprisonment. [CR Doc. 78: Judgment]. The Judgment states that the nine-month sentence is to "run consecutive to any undischarged term of imprisonment heretofore or hereafter imposed by any state or federal court, particularly including any sentence imposed with regard to the new law violation as set out in Violation 3 of the Petition in this matter." [Id.].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter

can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's pending motion to vacate seeks sentencing relief from his original sentence of 156 months. He has not challenged his underlying conviction. Rather, he is challenging only the applicability of a 15-year mandatory minimum sentence under the ACCA. He has already served his custodial sentence for the underlying conviction in this matter. He is currently serving a new sentence based on the revocation of his supervised release. As such, both the custodial portion and the supervised release portion of his original sentence have ended. Moreover, the advisory Guidelines range for his current custodial sentence on revocation was 8 to 14 months, regardless of the issue presented here, as his violation was a Grade C violation. His motion to vacate is, therefore, moot and will be dismissed. Accord Morgan v. United States, No. 5:15-CR-68, 2018 WL 4264600, at *5 (N.D.W. Va. Sept. 6, 2018) (dismissing motion to vacate challenging the length of original custodial sentence where petitioner was in custody pending a final supervised release revocation hearing).

For these reasons, the Court dismisses Petitioner's motion to vacate as moot.

## IV. CONCLUSION

For the reasons stated herein, the Court denies and dismisses the motion to vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 4, 2019

Martin Reidinger
United States District Judge