IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
2:06 CR 26

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEVIN JACOB HOLLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court on March 11, 2020 for a hearing on the Motion for Attorney Status Conference (Doc. 96) filed by defense counsel Frank A. Abrams and a *pro se* letter (Doc. 97) submitted by Defendant. Assistant United States Attorney Daniel Bradley appeared for the Government. Mr. Abrams appeared with Defendant.

I.   **Relevant Procedural Background**

On January 6, 2020, a Petition for Warrant for Offender Under Supervision (Doc. 88) was issued for Defendant.

Defendant made his initial appearance on January 10, 2020 at which time he requested the appointment of counsel, which request was allowed. The case was assigned to Mr. Abrams that day. The Government moved for pretrial detention. A preliminary revocation hearing and a detention hearing were scheduled for January 13, 2020.

On January 13, 2020, Defendant waived his right to a preliminary revocation hearing and did not challenge the Government's motion for detention at that time.

On March 5, 2020, a notice was issued scheduling Defendant's final revocation hearing for March 19, 2020.

On March 9, 2020, Mr. Abrams filed his Motion for Attorney Status Conference. Defendant's *pro se* letter was filed the same day. The Court will construe Defendant's letter as a motion requesting the appointment of new counsel pursuant to Local Criminal Rule 47.1 (g) ("Letter-Motion").

## II. Discussion and Order

At the beginning of the hearing, Defense counsel stated that he had been surprised by Defendant's request for new representation and, because he was unsure what Defendant would say when questioned by the Court about these matters, requested that further proceedings be conducted in a closed setting. The Government did not object. Thereafter, the courtroom was closed and the record was sealed.[1]

The undersigned then heard further from defense counsel. In summary, defense counsel advised that there was some friction between himself and Defendant at the time of Defendant's detention hearing, which appeared to be

---

[1] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they are necessary for the memorialization of the Court's ruling.

related primarily to a reference Defendant's mother made to Defendant's mental status.² Subsequently, however, Mr. Abrams believed that he and Defendant were getting along well. He advised that he has spoken with Defendant's appellate counsel.³ He also described contacts he has had with Defendant's mother and girlfriend, and stated that he was happy to continue representing Defendant.

The Court then inquired of Defendant. For his part, Defendant took issue with defense counsel's statements regarding coordination with Defendant's appellate counsel and the alleged statement by Defendant's mother regarding Defendant's mental status.⁴ Defendant further alleged that defense counsel had been unwilling to speak with him, his mother, and/or his girlfriend on certain occasions, though later admitted that some communications had taken place.

Following the Court's inquiry of Defendant, defense counsel stated that while much of what Defendant had relayed came as a surprise to him, in light

---

² Defense counsel advised that he has no concerns regarding Defendant's competency and does not request that Defendant be evaluated for that purpose.

³ Defendant has an appellate case pending and is represented by separate counsel in that appeal.

⁴ The undersigned makes no findings and expresses no opinion regarding the differing versions of this issue, though notes that a mental health condition was included in a previous revocation judgment that was filed on March 4, 2019 (Doc. 78).

3

of Defendant's level of dissatisfaction, Mr. Abrams no longer felt comfortable proceeding as counsel for Defendant. He therefore made an oral motion to withdraw.

The courtroom and the record were then unsealed. The Government took no position with regard to the pending motions.[5]

In considering the Withdrawal Motions, the Court has taken into account the following factors: 1) the timeliness of the motions; 2) the reasons given by defense counsel and Defendant as to why Mr. Abrams' representation of Defendant should not continue; and 3) whether the conflict between Defendant and Mr. Abrams is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

As to timeliness, the record indicates that Mr. Abrams has responded promptly to concerns raised by Defendant. Defendant's Letter-Motion is dated Wednesday, March 4.[6] The notice of Defendant's final supervised release hearing was issued on Thursday, March 5. Mr. Abrams met with Defendant in the Swain County Jail on Friday, March 6. The Motion for Attorney Status

---

[5] For ease of reference, Mr. Abrams' oral motion to withdraw and Defendant's Letter-Motion (Doc. 97) will be referred to collectively as the "Withdrawal Motions."

[6] The date is shown as March 4, 2019, which the undersigned assumes should be 2020.

Conference states that, at that time, Mr. Abrams had not seen Defendant's Letter-Motion and that counsel knew of no grounds upon which for him to file a motion to withdraw. Nonetheless, he proactively filed the Motion for Attorney Status Conference to request a hearing. That filing occurred the next business day, Monday, March 9, when Defendant's Letter-Motion was also received and filed, which was 10 days before his final revocation hearing.

Further, it does not appear that Defendant's Letter-Motion was filed in order to delay his final revocation hearing; the letter is dated the day before the notice for the final revocation hearing was issued.

Under these circumstances, and noting that the violation conduct alleged in the Petition does not appear to be complex, the undersigned finds this factor to be neutral or somewhat in favor of allowing the Withdrawal Motions. See United States v. Blackledge, 751 F.3d 188, 194, 197 (4th Cir. 2014) (initial motion to withdraw made slightly three weeks before trial was timely; timing of second motion filed only three days before trial somewhat favored denial); United States v. Jennette, 387 Fed. Appx. 303, 307 (4th Cir. 2010) (motion to substitute counsel filed two weeks before sentencing hearing was timely).

With respect to the second factor, Defendant's objections to Mr. Abrams' continued representation appear to be based primarily on communication issues (both as to alleged miscommunications/misstatements and alleged lack of communication). The information provided, however, indicates that

5

communication has taken place. Mr. Abrams advised that he has spoken with Defendant, Defendant's mother, Defendant's girlfriend, and Defendant's appellate counsel. Defendant acknowledges in person meetings with defense counsel as well as some communication via telephone and/or text messages between Mr. Abrams and Defendant and/or Defendant's girlfriend. He also appears to acknowledge that Mr. Abrams has communicated with his appellate counsel, though contends that Mr. Abrams' description of those discussions is incorrect. This factor favors denial of the Withdrawal Motions.

With respect to the third factor, the breakdown of the relationship has been significant, as perhaps best reflected by the fact that defense counsel's position evolved over the course of the hearing to the point that Mr. Abrams made an oral request to withdraw. This factor supports allowing the Withdrawal Motions.

In sum, the underlying reasons for the disagreements between counsel and Defendant would not normally be insurmountable. Further, the undersigned is not persuaded that Mr. Abrams does not have, as Defendant suggests, Defendant's best interests in mind. To the contrary, it appears that Mr. Abrams has been engaged and active with his representation of Defendant; by way of example, as noted above, Mr. Abrams filed the Motion for Attorney Status Conference immediately upon becoming aware of Defendant's desire for

new counsel, notwithstanding that Defendant did not provide Mr. Abrams with a copy of his Letter-Motion.

However, having heard from Mr. Abrams and Defendant and having observed their interactions in open court, it is apparent that there has been a breakdown of communication and trust of sufficient magnitude that new counsel should be appointed for the remainder of this matter.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion for Attorney Status Conference (Doc. 96) is **GRANTED**.

2. Mr. Abrams' oral motion to withdraw and Defendant's Letter-Motion (Doc. 97) are **GRANTED**, and Mr. Abrams is **WITHDRAWN** as attorney of record for Defendant.

3. The Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

Signed: March 13, 2020

W. Carleton Metcalf
United States Magistrate Judge