| | |
|---|---|
| KEVIN JACOB HOLLAND, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Fourth Circuit Court of Appeals' Order vacating this Court's Orders [CV Docs. 11, 15][1] and remanding this case for further proceedings in light of Johnson v. United States, 135 S. Ct. 2551 (2015) [CV Doc. 21] and on Petitioner's Motion for Summary Judgment [CV Doc. 25]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00121-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 2:06-cr-00026-MR-WCM-1.

## I. BACKGROUND

On December 1, 2006, Petitioner pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three) and one count of conspiring to steal firearms in violation of 18 U.S.C. §§ 922(j), 924(l), and 371 (Count One). [CR Doc. 45: Amended Plea Agreement]. On July 19, 2007, this Court sentenced Petitioner to a term of imprisonment of 60 months on Count One and a term of imprisonment of 156 months on Count Three, to be served concurrently, for a total term of imprisonment of 156 months, after granting a downward departure from the statutory minimum sentence of 15 years under the Armed Career Criminal Act (ACCA).[2] [CR Docs. 60, 61]. Petitioner did not appeal. In July 2008, he filed his first motion under 28 U.S.C. § 2255, contending, among other things, that this Court erroneously applied the ACCA to his sentence. [CR Doc. 64]. This Court denied and dismissed that motion. [CR Doc. 65].

---

[2] A conviction under § 922(g) generally carries a maximum term of imprisonment of ten years. See 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). The ACCA, however, mandates a minimum sentence of 15 years' imprisonment and a maximum of life in prison for a felon who has "three previous convictions … for a violent felony or for a serious drug offense." 18 U.S.C. § 924(e)(1). At the time of sentencing, Petitioner had at least three "violent felonies," including convictions for Breaking and Entering and Second-Degree Burglary, which occurred on the same occasion, and two North Carolina convictions for assault with a deadly weapon inflicting serious injury (AWDWISI). [CR Doc. 81 at ¶¶ 36, 38, 40, 43: Presentence Investigation Report (PSR)].

On May 3, 2016, the Court of Appeals for the Fourth Circuit authorized Petitioner to file a successive motion under 28 U.S.C. § 2255 to raise a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). [CR Doc. 69]. Petitioner filed the instant motion to vacate on May 3, 2016, seeking sentencing relief under Johnson. On November 14, 2016, this Court stayed this action pending a decision by the Fourth Circuit in United States v. Burns-Johnson, No. 16-4338, and United States v. Thompson, No. 15-4685. The Fourth Circuit issued its decisions in each of these cases in July 2017 and October 2017, respectively.

On September 7, 2018, before the instant proceedings were adjudicated, Petitioner completed his custodial sentence, was released from the Bureau of Prisons custody, and began serving a three-year supervised release sentence. While on supervised release, he was charged with violating the terms of his supervised release. [CR Doc. 70: Probation Petition]. On March 4, 2019, this Court revoked Petitioner's supervised release and sentenced him to nine months of imprisonment. [CR Doc. 78: Judgment].

On June 4, 2019, this Court dismissed Petitioner's motion to vacate as moot because Petitioner had challenged only his sentence, and not his underlying conviction, and the custodial portion and the supervised release

3

portion of his original sentence had ended. [Doc. 11 at 4]. The Court also found that "the advisory Guidelines range for his current custodial sentence on revocation was 8 to 14 months, regardless of the issue presented here, as his violation was a Grade C violation." [Id.].

On June 27, 2019, Petitioner moved to alter or amend the Court's judgment dismissing Petitioner's motion to vacate pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 13]. Petitioner argued, in part, that "the continued presence of the ACCA designation in [Petitioner's] original sentence increases his future sentencing exposure in two respects." [Id. at 5]. First, Petitioner argued that his statutory exposure for a future supervised-release violation would decrease from a five-year maximum to a three-year maximum with an unenhanced § 922(g) offense. [Id.]. Second, Petitioner argued that his guidelines exposure "could" be increased if Petitioner commits a Grade A violation of his supervised release term because "the guidelines provide for an increased advisory range where the underlying felony was a Class A felony." [Id.]. The Court held that whether Petitioner "may be subject to increases in future sentences as a result of his ACCA designation is not an issue within the jurisdictional power of this Court to address" "where his original sentence and supervised release have ended." [Doc. 15 at 8]. Accordingly, the Court denied Petitioner's Rule 59(e)

4

motion to amend judgment as moot. [Id.]. Petitioner appealed both the original Order denying the motion to vacate and the Order denying to the motion to amend judgment. [Doc. 16].

On November 8, 2019, after release from his custodial supervised release violation sentence, Petitioner's conditions of supervision were modified due Petitioner's positive test for methamphetamine and marijuana. [CR Doc. 84: Request to Modify Conditions]. Petitioner was required to submit to home detention with location monitoring for a period of 90 days. [Id.]. Then, on January 6, 2020, after Petitioner again tested positive for methamphetamine and marijuana and admitted to a subsequent use of these drugs, a warrant for his arrest was issued. [CR Doc. 88: Probation Petition]. Petitioner was arrested and ordered detained on January 13, 2020. [CR Doc. 92: Detention Order]. On February 25, 2020, Petitioner's appeal was placed in abeyance pending final disposition of Petitioner's supervised release revocation proceeding. [CV Doc. 20].

On April 10, 2020, Petitioner was ordered released from detention on a $25,000.00 unsecured bond pending his final revocation hearing, which was set for April 16, 2020, so that Petitioner could report to court ordered substance abuse treatment at an outside facility. [CR Doc. 105: Release Order]. Petitioner, however, failed to report to the treatment facility as

5

ordered and another warrant for his arrest was issued for this and related violations. [CR Doc. 108: Violation Report]. On June 2, 2020, Petitioner was charged in a Bill of Indictment with one count of knowing and willful failure to appear for the final revocation hearing on April 16, 2020 in violation of 18 U.S.C. § 3146(a)(1). [Criminal Case No. 1:20-cr-00055-MR-DCK, Doc. 1: Bill of Indictment]. Petitioner pleaded guilty "straight up" to this charge without a plea agreement and is currently awaiting sentencing.[3] [Id., Doc. 31: Acceptance and Entry of Guilty Plea]. Then, on September 23, 2020, Petitioner filed an unopposed motion for remand in his appeal because "[t]he continued validity of [Petitioner's] ACCA designation will be dispositive with respect to the statutory and guidelines penalties applicable to [Petitioner's] Section 3146 offense."[4] [CV Doc. 21 at 4-5]. Petitioner argues, therefore, that any "'future' consequences of Petitioner's ACCA designation which were merely 'hypothetical' at the time of the dismissal order," "are no longer hypothetical." [Id. (quoting CV Doc. 15 at 8)]. The Fourth Circuit vacated

---

[3] On December 3, 2020, the Court indefinitely continued the sentencing hearing in that case that was set for December 10, 2020 pending disposition of Petitioner's motion to vacate before the Court now. [Criminal Case No. 1:20-cr-55, Doc. 53].

[4] Namely, Petitioner argues that if his ACCA designation is invalid, the § 3146 offense carries a statutory maximum of five years. See 18 U.S.C. § 3146(b)(1)(A)(ii). If, on the other hand, the ACCA designation remains applicable, the statutory maximum would increase to ten years. See 18 U.S.C. § 3146(b)(1)(A)(i). The applicable guidelines offense level may also be affected. See U.S.S.G. §2J1.6(b)(2) (determining offense level based, in part, on the statutory maximum for the underlying offense).

the Court's June 4, 2019 and August 13, 2019 Orders and remanded the case for further proceedings in light of Johnson.[5] [CV Doc. 21 at 1].

On remand, the Court stayed this action pending the decision of the Supreme Court on Borden v. United States, No. 19-5410. The issue before the Supreme Court in Borden was whether a "violent felony" under the ACCA includes crimes in which an individual used force recklessly. On June 10, 2021, the Supreme Court decided Borden, holding that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under the ACCA." 141 S.Ct. 1817, 1834 (2021). Thereafter, Petitioner moved for summary judgment under Borden, asking the Court to grant his Section 2255 Motion to Vacate, vacate his ACCA sentence, and enter an amended judgment imposing a sentence no greater 120 months, which is the statutory maximum sentence on Count Three without the ACCA enhancement. [Doc. 25 at 1, 5]. Petitioner argues that, "imposing a 'time served' sentence – as opposed to a determinate sentence of no greater than 120 months – would be unlawful given that [Petitioner] served more than the applicable statutory maximum based on his original 156-month sentence." [Id. at 5].

---

[5] On October 16, 2020, Petitioner was sentenced to a term of imprisonment of 10 months for the supervised release violations to be served consecutively "to any undischarged term of imprisonment imposed by any state or federal court, whether previously or hereinafter imposed, particularly including any sentence imposed for the pending federal charge in this court." [CR Doc. 118: Revocation Judgment (emphases removed)].

The Government agrees that Petitioner no longer meets the requirements for application of the ACCA and that the Court should grant Petitioner's Section 2255 Motion to Vacate, vacate Petitioner's sentence for his § 922(g)(1) conviction, and enter an amended judgment imposing a prison term of 120 months. [Doc. 26].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On remand, the Court revisits whether Petitioner is entitled to relief under 28 U.S.C. § 2255 in light of Johnson and now Borden. Under the ACCA, the term "'violent felony' means any crime punishable by imprisonment for a term exceeding one year …, that –"

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subsection (i) is known as the "force clause" and the final clause of subsection (ii), that is, a crime punishable by more than a year in prison that "otherwise involves conduct that presents a serious risk of physical injury to another," as the "residual clause." In Johnson, the Supreme Court struck down the ACCA's residual clause, as unconstitutionally vague and held that enhancing a sentence thereunder violates due process. Johnson, 135 S. Ct. at 2563. Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, at the time of his original sentencing, Petitioner had at least three qualifying prior convictions that triggered application of the ACCA. Namely, he had convictions for Breaking and Entering and Second-Degree Burglary,

which occurred on the same occasion; and two North Carolina convictions for assault with a deadly weapon inflicting serious injury (AWDWISI). [CR Doc. 81 at ¶¶ 25, 36, 38, 40, 43: Presentence Investigation Report (PSR)]. Petitioner's ACCA enhancement remains valid only if he had at least three violent felony predicate convictions that satisfy ACCA's "force clause."

Since Johnson, the Fourth Circuit held that ACCA's "force clause" requires an intentional (as opposed to negligent or reckless) use of force. United States v. Vinson, 805 F.3d 120, 125-26 (4th Cir. 2015). Further, this Court has specifically "conclude[d] that [AWDWISI] is categorically not a 'violent felony' within the meaning of the ACCA's force clause" because "AWDWISI is not a divisible offense" and "the state can obtain a conviction based upon a showing of culpable negligence." Moore v. United States, No. 1:16-cv-00147-MR, 2018 WL 1368362, at *8 (W.D.N.C. Mar. 16, 2018) (citing United States v. Geddie, 125 F.Supp.3d 592, 601 (E.D.N.C. 2015)). Borden affirms this conclusion, holding that "violent felonies" under the ACCA do not include crimes in which an individual used force recklessly. 141 S.Ct. at 1834.

Accordingly, Petitioner's two convictions for AWDWISI do not qualify as predicate "violent felonies" under the ACCA. Without the two AWDWISI predicates, Petitioner had no more than two other predicate convictions

10

Case 2:06-cr-00026-MR-WCM   Document 120   Filed 08/09/21   Page 10 of 13

(assuming for the sake of argument that Petitioner's prior convictions for Breaking and Entering and Second-Degree Burglary, which occurred on the same occasion, count as separate predicates). As such, the ACCA enhancement applied to Petitioner's sentence has been invalidated under Johnson and Borden.

Because Petitioner's sentence on his pending § 3146 offense may be impacted by the lingering ACCA designation, see 18 U.S.C. §§ 3146(b)(1)(A), the Court will grant Petitioner's motion to vacate his ACCA sentence. Despite the parties' agreement to an amended judgment that would impose a total term of imprisonment of 120 months, the Court will order that Petitioner be resentenced pursuant to the sentencing package doctrine.[6] United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017) ("When a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judges should be free to review the efficacy of what

---

[6] Petitioner's assertion that his statutory maximum sentence is 120 months is erroneous. Petitioner pled guilty to two counts; 1) the felon in possession count at issue herein, which now carries a statutory maximum of 120 months, and 2) the 922(j) count that carries a statutory maximum of 60 months. Therefore, the statutory maximum Petitioner faces is 180 months, not 120.

11

Case 2:06-cr-00026-MR-WCM   Document 120   Filed 08/09/21   Page 11 of 13

remains in light of the original plan.") (internal quotations and citation omitted).

## IV. CONCLUSION

Having concluded that Petitioner's ACCA designation is invalidated under Johnson and Borden and that the issue is no longer moot given Petitioner's § 3146 offense, the Court will grant Petitioner's motion to vacate on remand, grant Petitioner's motion for summary judgment, and order that Petitioner be resentenced in accordance with the terms of this Order.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the stay in this matter is hereby **LIFTED**, Petitioner's Section 2255 Motion to Vacate [Doc. 1] and Petitioner's Motion for Summary Judgment [Doc. 25] are **GRANTED**, and Petitioner's sentence under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Petitioner shall be resentenced on the counts of conviction in accordance with the terms of this Order. The Clerk of Court is respectfully instructed to schedule a hearing for Petitioner's resentencing.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Alter or Amend Judgment [Doc. 13] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court provide copies of

this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED**.

Signed: August 9, 2021

Martin Reidinger
Chief United States District Judge